[Civ. No. 11788.  Second Appellate District, Division One.—July 7, 1939.]

BOBETTE CAMP, a Minor, etc., et al., Respondents, v. J. A. PEEL, Appellant.

Jennings & Belcher and Louis E. Kearney for Appellant.

Guthrie & Darling for Respondents.

DORAN, J.—This is an appeal by defendant from a judgment in an action for damages for personal injuries sustained by the minor plaintiff, an eight year old girl, as the result of being struck in the face and eyes with some lime putty.

The accident occurred on November 11, 1936, which was a public holiday, in an auditorium building under construction on property adjoining the Santa Barbara Avenue School in Los Angeles; the auditorium, when completed, was to be used as a part of the school.

In connection with the work of lathing and plastering the interior of this building, defendant and appellant J. A. Peel, the plastering subcontractor, had erected a scaffolding therein for the purpose of enabling his workmen to reach the ceiling of the auditorium. Six of the eight children who were playing in the building on that day testified that they saw a ladder leading from the ground up to the scaffolding. These minors were engaged in various forms of activities; some of them were playing in sandpiles around the building, others were playing hide-and-seek, some were throwing rocks, and a few of them eventually climbed up to the scaffolding within the building and, from a position thereon, commenced to throw around some lime putty which had been left by the plasterers on top of one of the mortar boards. The minor plaintiff, who was standing on the ground floor of the building near a doorway leading to the street, playing with a toy, was struck in the face with some of the substance.

The action was brought against a number of defendants, including defendant and appellant Peel. The relationship of the various defendants with respect to this construction work was as follows: The Los Angeles City School District let a contract to the defendant DeCamp Hudson Company, Ltd., for the construction of said building, and the latter company, in turn, let a subcontract to defendant and appellant Peel for the lathing and plastering work to be done on the interior of the auditorium building.

At the conclusion of plaintiffs' case the court granted a motion for a nonsuit in favor of defendant DeCamp Hudson Company, Ltd. At the conclusion of all of the evidence in the case the court granted a motion for a directed verdict in favor of the remaining defendants except defendant J. A. Peel.

Respondents concede, as contended by appellant, that the judgment can be upheld only by the application of the attractive nuisance doctrine. That doctrine, although frequently exposed to the likelihood of extension through the influence of sympathy, is definitely limited. In that connection the Supreme Court has had occasion to comment as follows: "Unless the case falls within the doctrine of the turntable cases—a doctrine which this court and others have refused to extend—the plaintiff may not recover . . . In the case of *Peters* v. *Bowman,* 115 Cal. 345 [47 Pac. 113, 598, 56 Am. St.

Rep. 106], this court refused to extend the rule of the turntable cases to a pond of water, and characterized that rule as an exceptionally harsh rule of liability.'' (*Whalen v. Streshley*, 205 Cal. 78, 81 [269 Pac. 928, 60 A. L. R. 445].)

The so-called ''turntable'' case is *Barrett v. Southern Pac. Co.*, 91 Cal. 296 [27 Pac. 666, 25 Am. St. Rep. 186]. *Peters v. Bowman, supra*, discusses the doctrine extensively and in denying a rehearing, Beatty, Chief Justice, observed, ''But the owner of a thing dangerous and attractive to children is not always culpable, and therefore is not always liable for an injury to a child drawn into danger by the attraction. . ... The facts being undisputed, it is the province and the duty of the court to decide, as a matter of law, whether a defendant has been guilty of culpable negligence''. (See, also, *Giannini v. Campodonico*, 176 Cal. 548 [169 Pac. 80].)

The record herein reveals that at the time the injuries were received, the children were engaged in a rock fight. For example, the witness Robert Melberg testified as follows: ''In the building besides myself and my brother and William Shanks about the only ones were that little girl and a little boy they called Salvadore. The other children were doing the same thing we were, throwing rocks. Nothing else. Not all were throwing rocks. Those not throwing rocks were standing around and watching and bringing the rocks.''

It is evident that the children were attracted by a partially completed building in the course of construction. It may be conceded that such a structure is an attraction to children, but it does not follow that liability for injury occurring to children, while playing in, around, and upon it, is to be determined by the application of the attractive nuisance doctrine. As the Supreme Court has declared: ''But it by no means follows, as has been said, that anything or everything which a jury may find, or a court may determine, to be attractive as a playground or plaything for children casts a responsibility of guard and care upon the owner of that thing. Moving street-cars and moving vehicles upon the street are irresistibly attractive to many children, and thousands daily imperil their lives by climbing on and off of them while in motion. Venturesome boys, and even girls, make playgrounds of unfinished buildings, climb perilous heights, and scamper over insecure boards and rafters. If an owner became responsible, merely because children were attracted, it would burden the owner-

ship of property with a most preposterous and unbearable weight." (*Loftus* v. *Dehail*, 133 Cal. 214, 218 [65 Pac. 379].) See, also, *Doyle* v. *Pacific Elec. Ry. Co.*, 6 Cal. (2d) 550 [59 Pac. (2d) 93]; *Hernandez* v. *Santiago O. G. Assn.*, 110 Cal. App. 229, 233 [293 Pac. 875].

It should be noted that plaintiff's injury was the direct result of acts over which appellant had no control, namely, the throwing of rocks, lime putty, etc., by the children with whom plaintiff was engaged in play, and, as pointed out by appellant, a similar or even more serious injury might have resulted had the object thrown, which caused the damage, been a rock, nail or some other object.

The law appears to be well settled that " 'A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, even though such injury would not have happened but for such condition or occasion. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause. And if an independent negligent act or defective condition sets into operation the circumstances which result in injury because of the prior effective condition, such subsequent act or condition is the proximate cause'." (*Hauser* v. *Pacific Gas & Elec. Co.*, 133 Cal. App. 222 at 226 [23 Pac. (2d) 1068], quoting from 45 Cor. Jur., p. 931, which erroneously appears in the above quoted opinion as 45 Cal. Jur., p. 931.)

It is a matter of common knowledge that there is nothing inherently dangerous in lime putty, and hence the leaving of lime putty on the scaffolding did not in itself create a dangerous condition, and, as a matter of law, was not an act of negligence. The attractive nuisance doctrine therefore is not applicable and may not be taken into account in determining the questions here involved.

The record reveals no actionable negligence on the part of appellant.

For the foregoing reasons the judgment is reversed.

York, P. J., and White, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 5, 1939.