[Civ. No. 21128. Second Dist., Div. One. Feb. 8, 1956.]

JOHN LAKE et al., Appellants, v. MELCHAR G. FERRER et al., Defendants; FRANCES P. FERRER, Respondent.

Richard J. O'Connor for Appellants.

Moss, Lyon & Dunn, Charles B. Smith and Henry F. Walker for Respondent.

DORAN, J.—As recited in appellants' brief, "The case at bar is an action for wrongful death, brought by the parents of a 2½-year-old minor, who was drowned in defendants' swimming pool, which is situated on their residential lot adjoining the residence of plaintiffs, who are the appellants on this appeal." A general demurrer was sustained without leave to amend. Judgment of dismissal followed and the within appeal is from the judgment.

The parties to the action reside on adjoining lots about one-half acre in size. As recited in appellants' brief:

"Appellants and respondent reside in a thickly populated canyon in the City of Los Angeles which is known as the Uplifter's Ranch. The back yard of appellants' lot consists of a hillside which slopes sharply upward to the east. Respondent's lot is also located on this hillside and the east boundary line of appellants' lot is contiguous with the west or rear boundary line of respondent's. Along this boundary line there grows a tall hedge.

"On the northern half of respondent's lot there is situated an artificial swimming pool, approximately 20 feet in length, 10 feet in width and 6 feet in depth. A lustrous, metallic ladder which rises approximately 3 feet above the level of the pool, is located at one corner thereof to facilitate exit therefrom. The pool, which is located approximately 30 feet from appellants' western boundary line, is so situated that neither it nor the metallic ladder can be seen from any reasonably accessible position on appellants' lot, nor can it be seen from the public street which surrounds respondent's lot.

.   .   .   .   .   .   .   .   .   .   .   .   .

"It is alleged that on the morning of the 29th day of March, 1954, the decedent, two and one-half years of age, was permitted by his mother, appellant, Asa Lake, to play in the back yard with a four-year-old neighbor's child. After playing there for some time these children found themselves at the rear of the appellants' lot at a point some 30 feet distant from the respondent's pool. At this position they were able to see the upper portion of the aforesaid ladder in the pool, and, attracted thereby, they went on respondent's lot and up to the pool. In so doing, the children had no reason to believe that they were trespassing, especially by reason of the presence of a dirt pathway situated along the western boundary line of respondent's lot and to the immediate east of the hedge separating respondent's and appel-

lants' lots. This pathway closely resembles a network of paths which run throughout appellants' yard area, both front, side and rear.

"Upon reaching the pool area, the decedent either climbed into the pool, which was then filled with water, by means of the ladder, or fell therein while the two children were playing about it. At about 11:00 A. M. the infant's dead, fully clothed body was removed from the pool in which he had been floating for approximately ten minutes.

"The complaint further alleges that the decedent, by reason of his extremely tender age, neither knew, nor had reason to know of the danger of climbing or falling into a swimming pool such as that maintained by respondent.

"It is further alleged that the appellants neither know of, nor had any reasonable means of discovering, the existence of the pool. This ignorance is alleged to stem solely from the position of the pool on respondent's lot, whereby it was totally concealed from view, either from any reasonably accessible position on appellants' lot or from the public street near by, due to its elevation and the surrounding foliage on respondent's lot.

"Finally, it is alleged that at the time of the drowning and for four months prior thereto, respondent knew, or had reason to know of the presence next door of the decedent, of the unlikelihood that such a child would have reason to realize the danger of falling into the pool, of the ignorance of the appellants as to the existence of the danger, and of the likelihood that decedent would be attracted to and fall into the said pool. In spite of this knowledge, the respondent took no steps whatever, not so much as a neighborly warning, to prevent, or attempt to prevent the tragedy which is the basis of the case at bar."

It is contended and argued by appellant that, "The trial court erred in sustaining respondent's demurrer to appellant's first cause of action in that a pool of water can be an attractive nuisance.

"A. The attractive nuisance doctrine constitutes a salutary exception to the rule that a landowner is under no duty to keep his premises safe for trespassers."

Appellant cites and quotes from many cases, including *Peters* v. *Bowman,* 115 Cal. 345 [47 P. 113, 598, 56 Am.St. Rep. 106], and argues that, "It seems abundantly clear from these quotations what the court considered to be the essence of the earlier drowning cases: that the children involved

were chargeable with knowledge of the danger of water. Of capital importance for purposes of this Brief is the recognition by the court of the vital impact of the *age* of the child involved in determining this imputation: 'To take respondent's striking presentation of the matter: If *a child of the age of appellant's son,* while trespassing on private property, is attracted to an artificial pond and falls in and drowns, there is no liability; . . .' (Emphasis added.)"

Respondent, on the other hand, argues that, "In the absence of sufficient [evidence] to invoke the attractive nuisance doctrine, a landowner owes no different or greater duty to an infant trespasser than to an adult trespasser." And, that, "No matter how young a child may be, its age will not cast its care upon a stranger nor give rise to a duty where none otherwise would exist. ▪ The principle is well stated as follows in *Wilson* v. *City of Long Beach,* 71 Cal.App.2d 235, 241 [162 P.2d 658, 163 P.2d 501] (hearing denied by the Supreme Court), in language peculiarly applicable here in view of some of appellants' statements and arguments: 'The following from 38 American Jurisprudence 779 is applicable: "The accepted view is that the tender age of a child, rendering it incapable of looking out for its own safety, does not raise a duty where none otherwise exists. . . . It is said that the responsibility for avoiding injury to a trespassing child from defective or dangerous premises lies with the parent or legal custodian of the child rather than with the proprietor of the premises." ▪ In 19 California Jurisprudence 624 a similar statement occurs: "In the absence of circumstances which bring a case under the attractive nuisance doctrine, it is said that an owner of land owes no other duty to a child who is trespassing . . . than he owes to an adult trespasser." ' " ▪ It is also argued that, "The complaint fails to state facts sufficient to invoke application of the attractive nuisance doctrine." It is pointed out that, "Our courts hold the attractive nuisance doctrine is an exceptionally harsh rule of liability and is not to be extended. As expressed in *Whalen* v. *Streshley,* 205 Cal. 78, 81 [269 P. 928, 60 A.L.R. 445]: 'Unless the case falls within the doctrine of the turntable cases—a doctrine which this court and others have refused to extend—the plaintiff may not recover, and we are of the opinion that there is no analogy between those cases and the instant one. In the case of *Peters* v. *Bowman,* 115 Cal. 345 [47 P. 113, 598, 56 Am.St.Rep. 106], this court refused to extend the rule of

the turntable cases to a pond of water, and characterized that rule as an exceptionally harsh rule of liability.'

"That the courts, recognizing the doctrine, refuse to extend it is also pointed out in 65 C.J.S. 479, § 29 (14) where it is said: 'Even in jurisdictions where the attractive nuisance doctrine has been accepted the tendency is to limit rather than to extend it, and the doctrine is said to be one which should be applied very cautiously and only when the facts come strictly and fully within the rule.'

"The language hereinabove quoted from the Whalen case (205 Cal. 78, 81 [269 P. 928, 60 A.L.R. 445])—to the effect that there can be no recovery unless the case falls within the doctrine, a doctrine which the courts have refused to extend and which was characterized as an exceptionally harsh rule of liability—was quoted and followed in *Camp* v. *Peel,* 33 Cal.App.2d 612, 613-614 [92 P.2d 428] (hearing denied by the Supreme Court). In addition, it was held (p. 613) in reversing plaintiffs' judgment: '(T)he judgment can be upheld only by application of the attractive nuisance doctrine. That doctrine, although frequently exposed to the likelihood of extension through the influence of sympathy, is definitely limited.' "

From a review of the record it appears obvious that the trial court's ruling on the demurrer is supported by the law and the facts.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied February 28, 1956, and appellants' petition for a hearing by the Supreme Court was denied March 28, 1956.