[Civ. No. 21469.   Second Dist., Div. One.   Sept. 17, 1956.]

DAVID B. WILFORD et al., Appellants, v. WALLACE H.
LITTLE et al., Respondents.

Rinehart, Merriam, Parker & Berg for Appellants.

Moss, Lyon & Dunn, Charles B. Smith and Henry F. Walker
for Respondents.

FOURT, J.—Plaintiffs commenced an action to recover
damages for the death of a minor son who fell into the private
swimming pool on defendants' residential property.   To an
amended complaint the defendants demurred and the same
was sustained with leave to amend.   No amendment was made
and judgment of dismissal was entered.   This appeal is from
the judgment of dismissal.

A fair résumé of the matters set forth in the amended
complaint follows:   On or about August 31, 1954, the swim-
ming pool in question contained water to a depth of about
9 feet at one end, with a diving board extending over the
water.   Small children played on the property adjacent to
the property of the defendants.   The pool and diving board
could be seen by the children from the adjacent property and

this was known to the defendants. On the date heretofore mentioned Christian McLean Wilford, the 4½-year-old son of plaintiffs, and some other small children, were attracted onto the property of the defendants by the diving board and pool. Christian McLean Wilford and one other small boy began to play upon the diving board which was similar to a see-saw or teeter-board in that it had an "up-and-down" motion when jumped upon. The pool was so constructed that it was difficult for a child to hold onto the sides of the pool. The boy and his companions were too young to appreciate the danger involved in playing on the diving board and in the pool. In the course of play the lad fell or jumped from the diving board into the water and drowned. Neither of the plaintiffs knew, nor had reason to know that there was a swimming pool in the neighborhood, or that the property of the defendants was not fenced or enclosed in any manner to keep children or others away from the pool. A fence or other enclosure could have been installed at a relatively small cost. It was then alleged that the defendants were negligent in not properly enclosing the pool and that this negligence resulted in the death of plaintiffs' son to their damage in the sum of $50,000, together with expenses in the sum of $992.06.

It is appellants' contention that California has adopted the rule of law generally referred to as the "Attractive Nuisance Doctrine," or the "Rule of the Turntable Cases," as set forth in the Restatement of the Law of Torts, and cites as authority for such contention the case of *Copfer* v. *Golden,* 135 Cal.App. 2d 623, 627-628 [288 P.2d 90], and the cases cited therein.

■ It is our opinion, however, that a swimming pool and diving board is not an attractive nuisance as that term is generally used. The California Annotations to the Restatement of the Law of Torts contain the following language (at pages 141-142):

"§ 339. Artificial conditions highly dangerous to trespassing children.

". . . (b) Ponds or reservoirs: There is no liability for drowning of children in ponds or reservoirs under the attractive nuisance doctrine. (See a possible exception under the (siphon cases' *infra*) *Peters* v. *Bowman,* 115 Cal. 345, 47 P. 113, 598, 56 Am.St.Rep. 106 (1896) is the leading decision. In this case the water collected on a vacant lot by reason of an embankment erected by the city in grading a street. *Polk* v. *Laurel Hill Cemetery Ass'n,* 37 C.A. 624, 174 P. 414 (1918),

a child of eight drowned in an unguarded reservoir in a cemetery being used as a park. *Reardon* v. *Spring Valley Water Co.*, 68 C.A. 13, 228 P. 406 (1924), a five-year-old boy drowned after a fall from a rowboat which was allowed to remain unfastened in a negligently guarded reservoir. The court refused to hold that the presence of the boat brought the case within the doctrine.

"(c) 'Siphon' cases: There are several decisions but in only one was the doctrine held applicable. (1) *Sanchez* v. *East Contra Costa Irr. Co.*, 205 Cal. 515, 271 P. 1060 (1928). In the other two cases there is an obvious effort to pattern after the rules announced in this opinion. Plaintiff's son, aged five, was drowned in a canal when he fell into it after trying to wet his handkerchief. The body was found in a 'siphon' which carried the water under a cross-stream. The court held that defendant had created a concealed danger in the nature of a trap (siphon) to those who lived close by, and one that could easily be guarded. (2) *Melandez* v. *City of Los Angeles*, 8 Cal.2d 741, 68 P.2d 971 (1937). The demurrer to the complaint was sustained and on appeal this action of the court was affirmed. The court cited and approved Restatement section 339 as an exception to the rule of nonliability but held the doctrine not applicable. The complaint alleged that plaintiff's two sons were drowned in a pool of water in a storm drain. One son, aged 11, was on a raft and fell into the water and into a deep hole concealed and unknown to him. The other son, aged 13, went to his rescue and was similarly drowned. The decision held that the deep hole was not an artificial contrivance of the possessor of the land and the precedent followed is *Beeson* v. *City of Los Angeles* [115 Cal.App. 122 (300 P. 993)], *infra.*"

In the recent case of *Lake* v. *Ferrer*, 139 Cal.App.2d 114 [293 P.2d 104] (hearing denied in the Supreme Court, March 28, 1956), plaintiffs' son of 2½ years was attracted to the defendant's swimming pool and trespassed upon the defendant's property, fell into the swimming pool and drowned. Plaintiff parents did not know of the pool's existence and had not been told of it. In the Lake case, the plaintiffs relied for authority upon section 339 of the Restatement of Torts and practically all of the cases cited in the instant case, plus several others. It was held that the attractive nuisance doctrine did not apply under allegations considerably stronger than those presented in the instant case. The court, among other things, said (at p. 111):

" . . . ' "The following from 38 American Jurisprudence 779 is applicable: 'The accepted view is that the tender age of a child, rendering it incapable of looking out for its own safety, does not raise a duty where none otherwise exists. . . . It is said that the responsibility for avoiding injury to a trespassing child from defective or dangerous premises lies with the parent or legal custodian of the child rather than with the proprietor of the premises.' In 19 California Jurisprudence 624 a similar statement occurs: 'In the absence of circumstances which bring a case under the attractive nuisance doctrine, it is said that an owner of land owes no other duty to a child who is trespassing . . . than he owes to an adult trespasser.' " ' . . . It is pointed out that, 'Our courts hold the attractive nuisance doctrine is an exceptionally harsh rule of liability and is not to be extended. As expressed in *Whalen* v. *Streshley*, 205 Cal. 78, 81 [269 P. 928, 60 A.L.R. 445] . . .: "Unless the case falls within the doctrine of the turntable cases—a doctrine which this court and others have refused to extend—the plaintiff may not recover, and we are of the opinion that there is no analogy between those cases and the instant one. In the case of *Peters* v. *Bowman*, 115 Cal. 345 [47 P. 113, 598, 56 Am.St.Rep. 106] . . ., this court refused to extend the rule of the turntable cases to a pond of water, and characterized that rule as an exceptionally harsh rule of liability." ' "

There are several elements to the doctrine of attractive nuisance in this state. The contrivance must be artificial and uncommon, as well as dangerous (*Hernandez* v. *Santiago O. G. Assn.*, 110 Cal.App. 229, 233 [293 P. 875]), and as held in *Doyle* v. *Pacific Elec. Ry. Co.*, 6 Cal.2d 550, 552-553 [59 P.2d 93]:

" . . . Thus in *Loftus* v. *Dehail*, 133 Cal. 214, 218 [65 P. 379] . . ., it was said by this court: 'But it by no means follows, as has been said, that anything or everything which a jury may find, or a court may determine, to be attractive as a playground or plaything for children casts a responsibility of guard and care upon the owner of that thing. Moving street cars and moving vehicles upon the street are irresistibly attractive to many children, and thousands daily imperil their lives by climbing on and off them while in motion. Venturesome boys, even girls, make playgrounds of unfinished buildings, climb perilous heights, and scamper over insecure boards and rafters. If an owner became responsible, merely because children were attracted, it would burden the owner-

ship of property with a most preposterous and unbearable weight.'

". . . There is nothing uncommon about a ladder. . . . The ladder was dangerous, but it was not uncommon, . . ."

In *Peters* v. *Bowman,* 115 Cal. 345, 355 [47 P. 113, 598, 56 Am.St.Rep. 106], the court said:

"A turntable is not only a danger specially created by the act of the owner, but it is a danger of a different kind to those which exist in the order of nature. A pond, although artificially created, is in no wise different from those natural ponds and streams which exist everywhere. . . . A pond cannot be rendered inaccessible to boys by any ordinary means. Certainly no ordinary fence around the lot upon which a pond is situated would answer the purpose; and, therefore, to make it safe, it must either be filled or drained, or, in other words, destroyed. . . . The owner of a thing dangerous and attractive to children is not always and universally liable for an injury to a child tempted by the attraction. . . . As to common dangers existing in the order of nature, it is the duty of parents to guard and warn their children, and, failing to do so, they should not expect to hold others responsible for their own want of care. . . ."

Courts in California have held repeatedly that a body of water, natural or artificial, is not such a thing as may be held to constitute an attractive nuisance. It may be attractive to children but it is also of a common and ordinary nature of that which is to be found anywhere. (*Polk* v. *Laurel Hill Cemetery Assn.,* 37 Cal.App. 624, 634 [174 P. 414]; *Reardon* v. *Spring Valley Water Co.,* 68 Cal.App. 13 [228 P. 406]; *Peters* v. *Bowman, supra,* 115 Cal. 345; *King* v. *Simons Brick Co.,* 52 Cal.App.2d 586 [126 P.2d 627]; *Demmer* v. *City of Eureka,* 78 Cal.App.2d 708 [178 P.2d 472]; *Betts* v. *City & County of San Francisco,* 108 Cal.App.2d 701 [239 P.2d 456]; *Ward* v. *Oakley Co.,* 125 Cal.App.2d 840 [271 P.2d 536].) In the Ward case, affirming a judgment based on the sustaining of a demurrer to the complaint without leave to amend, it was stated (at p. 845):

"It is settled that a body of water, natural or artificial, does not constitute an attractive nuisance which will subject the owner to liability for trespassing children who are attracted thereto and are drowned. (Citing cases.)"

Appellants here have advanced an argument very similar to that presented in the case of *Meyer* v. *General Electric Co.*

46 Wn.2d 251 [280 P.2d 257].  In the Washington case plaintiffs' two year and eight months old child trespassed onto defendant's premises and was drowned when he fell into an artificial ditch on said premises.   In reversing a judgment for the plaintiff, the court said (at pp. 258-259 [280 P.2d]) :

"The deceased infant's age *eliminates* any question of contributory negligence, and we are not concerned with the ordinary duty of care of an owner of property toward a known trespasser.   The defendant is not liable unless the doctrine of attractive nuisance applies.

.   .   .   .   .   .   .   .   .   .   .   .   .

"This state adheres to the attractive nuisance doctrine. However, our question is: Under what circumstances will a watercourse constitute an attractive nuisance?

"It is the weight of authority that a *natural* watercourse is not an attractive nuisance, and that an artificial one is not if it has natural characteristics.

.   .   .   .   .   .   .   .   .   .   .   .   .

". . . It was not unnaturally dangerous, had no element of deception or of an inextricable trap, and, in fact, presented no danger by reason of being artificial that was different in any way from that of a natural watercourse.  We hold, as a matter of law, that it was not an attractive nuisance.

.   .   .   .   .   .   .   .   .   .   .   .   .

"The presence of danger to an unattended infant is not necessarily a test of anything but the need of parental care. An infant is afraid of nothing and in danger of everything when left to his own devices. The primary duty of care is upon the parents of an infant.  (Citing case.)   Their neglect will not convert a situation admittedly dangerous to an infant into an attractive nuisance which would not be so classed as to older children."

The judgment is affirmed.

White, P. J., concurred.

Doran, J., dissented.

Appellants' petition for a hearing by the Supreme Court was denied November 14, 1956.