David A. ELLER, Administrator of the Estate of David Allan Eller, deceased, Plaintiff,

v.

M.L.D. TRUST, a trust organized under the laws of the State of Montana, Inn Operations, Inc., a foreign corporation, and W. A. Klinger, Inc., a foreign corporation, Defendants.

Civ. No. 2547.

United States District Court
D. Montana,
Great Falls Division.

May 24, 1965.

Hoyt & Bottomly, Great Falls, Mont., for plaintiff.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant Inn Operations, Inc.

Alexander, Kuenning & Hall, Great Falls, Mont., for defendant W. A. Klinger, Inc.

JAMESON, District Judge.

In this action, instituted in the state court of Cascade County and removed to this court by the defendants Inn Operations, Inc. and W. A. Klinger, Inc., the plaintiff seeks damages for the death of an eight-year old boy, who was drowned in a swimming pool on the premises of Holiday Inn Motel in Great Falls, Montana. Plaintiff has filed a motion to remand. Briefs have been submitted by the respective parties, and oral argument has been waived.

Plaintiff is a citizen of Montana. The defendants Inn Operations, Inc. and W. A. Klinger, Inc., are foreign corporations and citizens of states other than Montana. The defendant M. L. D. Trust is a trust organized under the laws of Montana. In their removal petition, the defendants Inn Operations, Inc. and W. A. Klinger, Inc. allege that M. L. D. Trust was joined as a defendant "for the sole purpose of attempting to defeat or prevent a removal" to this court; that M. L. D. Trust exercised no control over the swimming pool; that plaintiff does not have any cause of action against M. L. D. Trust; and that under the laws of Montana the facts alleged by the plaintiff as a basis for liability "could not possibly create a liability against it or against it and its co-defendants jointly".

28 U.S.C.A. § 1441, relating to removal of actions, provides in pertinent part:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The leading case construing section 1441(c) is American Fire & Casualty Co. v. Finn, 1950, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, where the Court makes it clear that a "separable controversy is

no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action" and concludes "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." (341 U.S. at page 14, 71 S.Ct. at page 540).

In granting a motion to remand in Rosen v. Rozan, D.Mont.1960, 179 F. Supp. 829, this court said in part:

> "In determining whether an action involves 'a separate and independent claim or cause of action', the allegations of plaintiffs' complaint ordinarily are controlling.

> \* \* \* \* \*

> "Local law governs with respect to the plaintiffs' substantive rights."

█ It is, of course, true that if it is clear from the complaint that plaintiff has failed to state a cause of action against the resident defendant under the settled state law, remand should be denied. On the other hand, if there is a possibility that plaintiff has a cause of action under the applicable state law, the joinder is not fraudulent and the case should be remanded. This rule is well stated in 1A Moore's Federal Practice 530, § 0.161(2) as follows:

> "The joinder may be fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. *If there is a possibility that the plaintiff has a cause of action, the joinder is not fraudulent and the cause should be remanded.* Nor will a merely defective statement of the plaintiff's action warrant removal. If the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal." (emphasis supplied).

See also Montrey v. Peter J. Schweitzer, Inc., D.N.J.1952, 105 F.Supp. 708, 715, and cases there cited.

We come now to a consideration of plaintiff's complaint in the light of this rule. It is alleged that the defendant Trust entered into a lease agreement with the defendant Inn Operations which provided that the Trust would construct the motel and turn it over to the lessee on completion; that the motel was turned over a few days before the fatal accident "to be operated by it as a complete motel unit together with bar, restaurant and swimming pool".

It is alleged that the defendant Trust was negligent in (1) causing the swimming pool to be built without a protective barrier as required by an ordinance of the City of Great Falls, and (2) creating a swimming pool without protective barrier or device to prevent children from entering the pool, which "provided a conspicuous and attractive place of danger for children". It is alleged that the defendant Inn Operations was negligent in operating the pool without a protective barrier and in failing to abide by safety precautions prescribed by the Montana State Board of Health. The defendant Klinger is alleged to have been negligent in constructing the swimming pool without obtaining a building permit from the City of Great Falls and constructing the pool without the preventive barrier required by city ordinance.

It is clear that the complaint alleges a single wrong arising from an interlocked series of transactions within the meaning of American Fire & Cas. Co. v. Finn, supra. See also Durham v. Irish Shipping, Ltd., E.D.Pa.1962, 204 F.Supp. 68; Gray v. New Mexico Military Institute, 10 Cir. 1957, 249 F.2d 28.

Defendant argues, however, that the complaint alleges no breach of legal duty by the defendant Trust unless the "attractive nuisance" doctrine is held applicable. The attractive nuisance doctrine has been recognized by the Montana Supreme Court in a number of cases, including Nichols v. Consolidated Dairies of Lake County, 1952, 125 Mont. 460, 239 P.2d 740, 742, 28 A.L.R.2d 1216, where

the court quoted with approval Restatement, Torts § 339, which reads:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein." [1]

Defendants concede that the attractive nuisance doctrine has been applied in Montana under different factual situations, but contend that it is not applicable to water hazards such as swimming pools. Defendants rely primarily on Troglia v. Butte Superior Mining Co., 9 Cir. 1921, 270 F. 75, where a boy was drowned by swimming in a pond which furnished water to supply a mill and had been made by damming a small stream. In holding that the doctrine of attractive nuisance was not applicable in the absence of a hidden peril or trap, the court said in part: "The degree of care required of one who maintains on his land an artificial pool for a useful purpose is not greater than that required of one through whose land flows a natural stream, and he is bound to no special care or precaution for the protection of children who are in the habit of swimming in the same, unless there is in the pool some peculiar danger, in the nature of a hidden peril or trap for the unwary, of which he has or ought to have knowledge."

While Troglia lends some support to defendants' position here, it must be noted that the artificial pond had not been constructed as a swimming pool and there was no requirement for a protective barrier. Moreover, Troglia was decided prior to Nichols v. Consolidated Dairies, of Lake County, supra, where the court expressly adopted § 339, Restatement, Torts.

In King v. Lennen, 1959, 53 Cal.2d 340, 1 Cal.Rptr. 665, 668, 348 P.2d 98, 101, the court overruled a long line of cases in holding that the attractive nuisance doctrine applied to swimming pools. The court relied upon section 339 of the Restatement stating that the reasoning of the prior cases was inconsistent with the Restatement rule, (which, as noted supra, has been followed by the Montana court). In reversing a judgment of dismissal, the court said in part:

"* * * The allegations describing the condition of defendants' pool and the surrounding premises, including the absence of an adequate fence or other safeguards, state facts sufficient to permit a trier of fact to find that defendants should have realized that a serious danger of drowning was presented with respect to any unsupervised child of Boyd's age who might come to the pool. Obviously it could be found that a child of one and one-half years would not understand the risk involved in being near a swimming pool, and it is alleged that Boyd did not know the danger. The last of the requirements set forth in section 339 was also sufficiently covered by the allegations that the utility to defendants of maintaining the condition was slight as compared

---

1. For further discussion of the attractive nuisance doctrine in Montana see Gates v. Northern Pacific R. Co., 1908, 37 Mont. 103, 94 P. 751; Gilligan v. City of Butte, 1946, 118 Mont. 350, 166 P.2d 797; Johnson v. United States, D.Mont.1958, 163 F. Supp. 388, aff'd. 9 Cir.1959, 270 F.2d 488; Callahan v. Buttrey, D.Mont.1960, 186 F.Supp. 715, aff'd. 9 Cir.1962, 300 F. 2d 899.

with the risk to young children and that reasonable safeguards could have been provided at little cost."

In Reynolds v. Willson, 1958, 51 Cal. 2d 94, 331 P.2d 48, the court said:

" * * * It is established in this state that a private swimming pool is not an attractive nuisance as a matter of law. Lake v. Ferrer, 1956, 139 Cal.App.2d 114, 293 P.2d 104; Wilford v. Little, 1956, 144 Cal.App. 2d 477, 301 P.2d 282. The manner of its maintenance and use may however, be such as to impose the duty of ordinary care on the possessor toward children of tender years notwithstanding they may technically occupy the position of trespassers at the time. That is the theory of liability imposed by section 339 whether the structure maintained be a swimming pool or some other artificial structure maintained upon his property."

 It cannot be said from the face of the pleading that the plaintiff has failed to state a cause of action against the defendant Trust and "that the failure is obvious according to settled rules of the state". The question whether the attractive nuisance doctrine applies to swimming pools is one for determination under state law. It is not clear at this point that there can be no liability on the part of the defendant because of the inapplicability of the doctrine. It may be that the state court will so hold. Under the circumstances here presented, however, this is a matter which should be determined by the state court and not by this court. See Alabama Great So. Railway Co. v. Thompson, 1906, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 447.

Plaintiff seeks attorney fees on the motion to remand. The authorities are clear that attorney fees should be awarded only in exceptional cases. They may be allowed only "where an unfounded action or defense is brought or maintained in bad faith, vexatiously, wantonly, or for oppressive reasons". 6

Moore's Federal Practice 1352, § 54.77 (2).

The present case does not in my opinion come within this rule. On the contrary, the defendants, relying upon the Troglia case, have removed to this court and resisted the motion to remand in good faith.

The motion to remand is granted, without attorney fees.