## MALLOY v. HIBERNIA SAVINGS & LOAN SOCIETY, et al.

### No. 11,726; April 22, 1889.

#### 21 Pac. 525.

Negligence — Dangerous Premises—Pleading.—A complaint alleged that defendants were the owners of a certain lot in San Francisco; that on or about a certain day they did unlawfully, wrongfully, and negligently maintain thereon, and about ten feet from a public traveled street, a privy-vault, filled to the surface with the contents

thereof, and of the depth of ten feet, without any guard or protection, and without any inclosure to separate it from the public street; that prior thereto they did unlawfully and negligently remove the fences inclosing the privy-vault, and all the covering around the same, and removed the building adjoining same, and prior thereto had commenced grading said lot and removing the earth therefrom, the premises being then open and accessible for teams and workmen; that by reason of their negligent acts in leaving the vault thus exposed and unprotected, without any fence or inclosure separating it from the street, plaintiff's minor child, three years of age, without any fault of plaintiff, fell into the same, and was drowned; wherefore he prayed damages. Held, that it stated a cause of action.[1]

APPEAL from Superior Court, City and County of San Francisco; F. W. Lawler, Judge.

Action by Daniel Malloy against the Hibernia Savings & Loan Society, John Grant, Julius Platshek and Samuel Platshek, for negligently causing the death of plaintiff's minor child. The second amended complaint was as follows:

"The plaintiff complains of the defendants and alleges in this, his second amended complaint: (1) That on and prior to the sixteenth day of August, 1876, he was, and still is, the father of William Malloy, a minor child of the age of three years and ten months, now deceased. (2) That the defendant, the Hibernia Savings & Loan Society, was on and prior to the said sixteenth day of August, 1876, and is now, a corporation under and by virtue of the laws of the state of California. (3) That on the said sixteenth day of August, A. D. 1876, the said defendants were the owners of, and had possession, management, and control of, certain real estate, being a lot about one hundred and seventy-five by two hundred feet, more or less, on the southeast corner of Bryant and Second streets in the city and county of San Francisco, and were the owners of, and in the possession, management, and control of, the buildings on said real estate, and all improvements connected therewith and pertaining thereto. (4)

---

1 **Cited** and approved in Loveland v. Gardner, 79 Cal. 320, 21 Pac. 766, applying the rule to a case where injury has accrued to domestic animals, belonging to the plaintiff, through the defendant negligently constructing and maintaining his barb-wire fence.

Cited with approval in Loftus v. Dehail, 133 Cal. 217, 65 Pac. 380, but explained as not having been decided on the principle of attractive nuisance.

That the said defendants, on the said sixteenth day of August, 1876, while the owners of said real estate and the buildings thereon and improvements connected therewith, and while in the possession thereof and having the care, control, and management thereof, did unlawfully, wrongfully, and negligently keep and maintain, and suffer and permit to be and remain, upon said real estate (at and near the buildings and improvements thereon), and connected therewith, and about eight or ten feet from the sidewalk of Bryant street— a public traveled street in said city and county aforesaid—a certain privy-vault, pit, sink, cesspool, or vault, filled to the surface of the earth with the contents thereof, and of the depth of about ten (10) feet, and nine (9) feet long by six and a half (6½) feet in width, without any guard, wiring or protection whatever over or around the same, and without any inclosure to separate the same from the sidewalk of Bryant street aforesaid, and in an unguarded, negligent and dangerous condition.   (5) That the said defendants, on or about the tenth day of August, 1876, as plaintiff is informed and believes, being as aforesaid the owners of, and in the possession, control and management of, the said real estate and the buildings and improvements thereon and pertaining thereto, and of an inclosure and fence (separating said Bryant street from said privy-vault, pit, and sink) then upon the same, did unlawfully, wrongfully, and negligently remove the fences inclosing the said privy-vault, sink, cesspool, pit, or vault from Bryant street as aforesaid, and all the covering over and around the same connected therewith, and removed a portion of the building adjoining the same, and raised a portion thereof two or three feet from the ground for the purpose of removing the same, and previous thereto had commenced the work of grading said lot of land and of hauling and removing the earth therefrom (said premises), then open and uninclosed, and accessible for teams and conveyances then employed by said defendants, their agents and servants, in removing the earth therefrom, and in hauling and removing the improvements and material thereof; by reason of which said wrongful, unlawful, and negligent acts and omissions of said defendants, their agents and servants, in suffering and permitting the said privy-vault, sink, cesspool, or vault to be and remain at and upon their said premises and

property, and in removing the inclosure and covering thereof, and permitting the same to be and remain in said open, uncovered, and dangerous condition as aforesaid, and for want of a sufficient guard, covering, and protection over or around the same, or a fence or inclosure separating it from said Bryant street aforesaid, or any guard, covering, or protection whatever, the plaintiff's minor child, without any fault or want of care on the part of plaintiff, fell into the same, and was, on said sixteenth day of August, A. D. 1876, drowned therein, and was taken out of the same dead, to the damage of the plaintiff in the sum of $25,000. Wherefore plaintiff prays judgment against the said defendants for the sum of $25,000 damages, and the costs of this action.''

Defendants demurred to the complaint for failure to state a cause of action, which demurrer was sustained, and plaintiff appeals.

Edward P. Cole for appellant; Tobin & Barry and Frank Eisner & Platshek for respondents.

THORNTON, J.—This action was brought by the father against the defendants for negligently causing the death of his minor child. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained. This ruling on the demurrer presents the only point for consideration. We have examined the complaint and are of opinion that the court erred in its ruling on the demurrer. The judgment is therefore reversed and the cause remanded, with directions to the court below to overrule the demurrer to the complaint. So ordered.

We concur: McFarland, J.; Sharpstein, J.