[S. F. No. 12387. Department Two.—November 19, 1928.]

ARTURO SANCHEZ, Respondent, v. EAST CONTRA COSTA IRRIGATION COMPANY (a Corporation), Appellant.

J. E. Rodgers, A. F. Bray and John G. McKean for Appellant.

A. P. Black and Arthur Brand for Respondent.

LANGDON, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in the sum of $6,000 for the death of the infant son of plaintiff, who was drowned in a syphon at the bottom of an irrigation ditch belonging to the defendant. The defendant owned certain irrigation canals and ditches in Contra Costa County. One of its canals was approximately ten miles long and crossed under various roads. In one place it was necessary for this canal to cross a wide arroyo or stream known as Marsh Creek. To cross this creek it was necessary to construct a syphon from the canal on the one side of the creek to the canal on the other side. This syphon ran from the bottom of the irrigation main canal downward under Marsh Creek and came up into the irrigation main canal upon the other side of Marsh Creek. The opening of this syphon in the end of the canal was four feet in diameter and was unguarded. The defendant company had constructed, within a short distance of the place of the accident, several small houses in which employees of the company, with their families, resided. The roadway leading to these houses ran alongside the side of the canal and along the edge of Marsh Creek, there being nothing but the thickness of a low concrete bulkhead between the canal and the road. The plaintiff was an employee of the company and lived in one of the said houses with his wife and children. His five year old son, who was drowned, had been playing with other children at the edge of the canal and attempted to wet his handkerchief in its waters to wipe some blood from an injury he had sustained. He fell into the main canal which, at the time of the accident, was filled with about three feet of water, and then, evidently, slipped into the syphon at the bottom of this three feet of water. The water in the canal was muddy and the opening of the syphon could not be seen. The body of the child was recovered from a place some fifteen feet down in the syphon. There was no sign

of warning to notify passers-by of the presence of this large syphon.

Appellant contends that it was not required to guard its canal against the danger of children falling into it, and this is conceded by the plaintiff and respondent. However, this case involves a situation where the defendant has placed upon its property an artificial peril, a concealed danger, without warning to those who were invited by defendant to live close by. The case of *Faylor* v. *Great Eastern Quicksilver Mining Co.*, 45 Cal. App. 194 [187 Pac. 101], while presenting a different situation, announces a rule, the reasons for which make it applicable here. In that case, it was reiterated that the rule of nonliability was not to be applied in "instances where the owner maintains on his land something in the nature of a trap, or other concealed danger, known to him and as to which he gave no warning to others." It was also said in the case last cited: "But the case at bar is distinguished from all the cases in our own, and so far as our attention has been called to them, in other jurisdictions, recognizing the rule where relief has been denied trespassing children injured by the condition of machinery or premises, for in the case at bar the danger was distinctly a concealed danger. The bait of the trap may be said to have been the push-car, in itself an attractive lure to boys of the age of John Faylor. The tunnel, which, like any cave, natural or artificial, has been, both in fiction and fact . . . irresistibly attractive to boys, and the concealed stope in the dark tunnel five hundred feet deep and filled with water, was the trap into which the tunnel and cars led the boy's unwary feet. From the evidence in this case the company knew that the children played about this mine."

In the instant case, the canal with its shallow water was the bait of the trap. The defendant knew that children lived close by and the opening to the syphon might have been easily guarded. It is a matter of common knowledge that children playing on the edge of a shallow body of water will be tempted to play in the water and to reach into it, and while defendant need not have guarded against this open and obvious stream of water, under numerous California decisions, we think a different rule applies where an apparently harmless, shallow stream of water contains a

large opening into which anyone might slip, which opening is wholly unguarded and completely concealed from view. If the children had gone swimming in this canal and had slipped into the syphon, a similar legal situation would have been presented.  ▮  The children assumed the risk of the open, obvious, notorious danger incident to the canal, containing about three feet of water; but they did not assume the risk of an unknown, concealed, and unguarded danger. The exception to the general rule, under which exception the present case falls, is discussed in the following cases: *Bjork* v. *City of Tacoma*, 76 Wash. 225 [48 L. R. A. (N. S.) 331, 135 Pac. 1005]; *Coeur d'Alene Lumber Co.* v. *Thompson*, 215 Fed. 8 [L. R. A. 1915A, 731, 131 C. C. A. 316]; *City of Indianapolis* v. *Emmelman*, 108 Ind. 530 [58 Am. Rep. 65, 9 N. E. 155]; *Indianapolis* v. *Williams*, 58 Ind. App. 447 [108 N. E. 387]; *Loftus* v. *Dehail*, 133 Cal. 214 [65 Pac. 379]; *Peters* v. *Bowman*, 115 Cal. 345 [56 Am. St. Rep. 106, 47 Pac. 113, 598]; *Loveland* v. *Gardner*, 79 Cal. 317 [4 L. R. A. 395, 21 Pac. 766]; *Malloy* v. *Hibernia Sav. & L. Soc.*, 3 Cal. Unrep. 76 [21 Pac. 525].

▮  It is also contended by defendant and appellant that it is not liable for its torts because it is a governmental agency. This contention is without merit. The defendant is a private corporation and at the time of the accident nearly 8,000 shares of its stock were held in private ownership. The mere fact that two of its stockholders happened to be public corporations would not alter the rule of liability. The stockholders of a corporation have no estate in the property of the corporation. (*Bank of Visalia* v. *Smith*, 146 Cal. 403 [81 Pac. 542].)

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.