[Civ. No. 12992. Second Dist., Div. Two.—April 23, 1941.]

LORRAINE CLAUDIA MUNDT et al., Appellants, v. GEORGE W. NOWLIN, Respondent.

Edward C. Purpus and Reece R. Depew for Appellants.

J. Howard Corvin for Respondent.

MOORE, P. J.—Plaintiffs appeal "from a judgment for defendant, George W. Nowlin, after order sustaining demurrer to the third amended complaint without leave to amend."

The sole question for determination is whether the landlord is liable for damages resulting from the death of a six year old child drowned in a pool upon the premises operated by Nowlin's lessees.

After three successive pleadings had fallen before general demurrers, in their third amended complaint plaintiffs allege that on April 27, 1939, defendant George W. Nowlin and others were owners of three certain lots in tract 1693, in the county of Los Angeles, upon which the co-defendants as lessees operated an enterprise known as "Green Acres" consisting of a polo field, riding stables, swimming pool and adjuncts to which the general public was invited to come and pay admission; that the defendants negligently maintained a "pool of water" one-half full of mud and filth; that defendants wantonly permitted said "pool" to fall in disrepair and to become in a defective condition without any guard to separate it from the public street and negligently caused the fence around the pool to fall in such disrepair and removed a portion of the fence enclosing the pool so that the premises were accessible to the general public; that by reason of such negligence plaintiffs' minor child, aged 6½ years, without fault of plaintiffs, fell into the pool, and was drowned.

Plaintiffs contend that even though the demurring defendant had no control over the pool by virtue of the extant lease the latter is liable. Such is not the rule. Assuming that the lessees who operated the property were chargeable with negligence, such negligence cannot be imputed to the landlord. (*Higgins* v. *Los Angeles Gas & Elec. Co.,* 159 Cal. 651, 661 [115 Pac. 313, 34 L. R. A. (N. S.) 717].)

The landlord is not liable for the negligence of his tenants. (*O'Leary* v. *Herbert*, 5 Cal. (2d) 416, 418 [55 Pac. (2d) 834].) Neither is he liable to others for a nuisance created upon his premises by his tenants who have acquired the leasehold for lawful and proper purposes, where there was no nuisance or illegal structure upon his land at the time of the letting. (*Meloy* v. *City of Santa Monica*, 124 Cal. App. 622 [12 Pac. (2d) 1072].) There is no allegation that, at the date of the leasing, the pool, in its alleged defective condition obtained or that the pool itself existed. Conceding that upon the trial of a general demurrer, the most favorable construction must be given to the facts set forth in the pleadings, yet in the instant case, the three elements essential to a cause of action namely, duty, the breach thereof and damages logically flowing therefrom, are wanting. It is impossible legally to allege any duty owed by the demurring defendant to the unhappy parents or to their deceased child. Mr. Nowlin had no control over Green Acres.

The authorities cited by plaintiffs are not in point. They fall within two classes: (1) Where a municipality is made liable under a special statute when the existence of a defect in a public property or highway is known to certain officers of the municipality; (2) where defendant himself had control of the defective premises or the agency which caused the damage.

In *Katz* v. *Helbing*, 205 Cal. 629 [271 Pac. 1062, 62 A. L. R. 825], the defendant was liable because he had left mixed lime in an unguarded receptacle on the sidewalk. The mixture was used by a small child who threw it upon plaintiff, who was a passenger on a street car, causing her to be injured. In such a case the defendant was negligent in not foreseeing and preventing such an occurrence. Likewise, in all the other cases cited by appellants (*Sanchez* v. *Contra Costa Irr. Co.*, 205 Cal. 515 [271 Pac. 1060] ; *Melendez* v. *City of Los Angeles*, 8 Cal. (2d) 741 [68 Pac. (2d) 971] ; *Magnuson* v. *City of Stockton*, 116 Cal. App. 532 [3 Pac. (2d) 30] ; *Wright* v. *Southern Counties Gas Co.*, 102 Cal. App. 656 [283 Pac. 823] ; *Malloy* v. *Hibernia Savings & Loan Soc.*, 3 Cal. Unrep. 76 [21 Pac. 525]) the defendants therein came within the two classifications above named.

Judgment affirmed.

Wood, J., and McComb, J., concurred.