[Civ. No. 13533.   Second Dist., Div. Two.   June 9, 1942.]

BARNEY DEWEY KING, Appellant, v. SIMONS BRICK COMPANY (a Corporation), Respondent.

Merrill L. Granger for Appellant.

Richard J. O. Culver and Felix H. McGinnis for Respondent.

MOORE, P. J.—The question for determination in this case is whether under the doctrine of attractive nuisance the father of a twelve-year-old boy who has been drowned in a body of opaque water in a clay pit dug by defendant on its own property adjacent to a populous area, may recover for the loss of his child who played in the pool.

In substance the facts alleged in the amended complaint are that the defendant, a brick and tile manufacturer in the city of Santa Monica, caused the soil and clay to be removed from a portion of its property, leaving a huge pit of about four acres in area; that within five years prior to the commencement of this action defendant deepened two acres of the pit to an average depth of 25 feet below the surface of the adjoining land and street levels; that defendant ceased its excavation on said property and abandoned the active conduct of its business more than five years prior to the filing of this action; that thereafter defendant permitted water to accumulate in the pit to such extent that it overflowed the higher acres of the pit and covered one-half acre of the "upper bottom surface" thereof from 2 to 18 inches in depth; that the surface of one-half acre of the pool so created has been at approximately the same distance below the street level as the remaining surface of the pit which was not covered by water; that the surface of the pit for a distance of several hundred feet along the water's edge, on August 4, 1941, the day on which Virgil King was drowned, had been slightly and gently sloping and appeared extremely shallow; that for several weeks prior thereto the water was cloudy and opaque and wholly prevented visual determination of its depth; that the water served no useful purpose and could have been removed at a nominal expense without impairing the value of the property; that for many weeks prior to August 4th the accumulated water constituted a lure and an attraction to the children of the neighborhood, who desired to wade and bathe therein; that by reason of the method of excavating the areas of the bottom of the pit the shallow areas of water descended precipitously to the lowest portions of the pit and constituted a deception and trap to the children playing in

the shallow parts, who were unable to swim and who were unaware of the existence of the deeper waters; that plaintiff's son, Virgil, age 12, was one of such children; that the pit was located adjacent to a populous area in which several hundred children resided; that access to the pit was available to the children and to the deceased Virgil by numerous paths to the unsubmerged areas of the bottom of the pit; that on August 4, 1941, and for many months prior thereto, defendant negligently maintained the pit and its accumulated waters and neglected to post signs or warnings at or near the pit with reference to the depth of the water, and neglected to do anything reasonably designed and calculated to prevent entry of children into such waters, although it knew that the accumulated waters attracted the children and that any child entering the pit and bathing therein was in imminent danger of falling into the depths and drowning; that the deceased Virgil was twelve years of age and unable to swim; that he entered the pit for the purpose of bathing; that he had no knowledge of the deeper portions of the waters; that after he had waded for awhile in the pit from an unsubmerged projection of the land, in waters 18 inches deep, he plunged again into the waters at about the same point, only to reach instantly a depth of 18 feet, from which he was unable to swim, and was drowned, to plaintiff's damage in the sum of $10,000.

We are to determine whether the order sustaining a general demurrer to the pleading without leave to amend was in accordance with law.

A number of attempts have been made in the courts of this state to extend the doctrine of attractive nuisance to situations where life was lost in ponds or reservoirs maintained by the defendants in such cases. Commencing with the leading case of *Peters* v. *Bowman*, 115 Cal. 345 [47 Pac. 113, 598, 56 Am. St. Rep. 106], and continuing to the present time, it has been consistently held that the doctrine of the turntable, lumber pile, or attractive nuisance cases does not extend to a pool of water artificially created and maintained on the premises of a defendant. In the Peters case the question was squarely presented, where the defendant had allowed his lot to accumulate waters and a pool was created by reason of an embankment thrown up by the city of San Francisco on the lower side of the lot, which prevented the flow of surface

waters during the rainy season. The condition continued for five years. The lot was not inclosed, nor was it visited by defendant. But he knew that children visited it. Young Peters was a bright boy living four or five blocks away, and was allowed by his father to run the streets at will. The boy was a trespasser, and defendant owed him no duty to keep the premises safe except that he could not maintain a trap or other concealed danger without warnings thereof to others. In *Beeson* v. *City of Los Angeles*, 115 Cal. App. 122 [300 Pac. 993], the facts were very similar to those alleged in the case at bar. A general demurrer was sustained, judgment entered thereon was affirmed and a hearing was denied by the Supreme Court.

The most recent case is that of *Melendez* v. *City of Los Angeles*, 8 Cal. (2d) 741 [68 P. (2d) 971], where the eleven-year-old son of plaintiff was attracted to a pool of water belonging to the city and was drowned as a direct consequence of a defective and dangerous condition existing in such pool, known to respondent and unknown to plaintiff's son, Daniel. The allegations of the Melendez complaint parallel accurately those alleged in the complaint at bar. That judgment was likewise affirmed.

Two authorities in particular are cited by appellant in support of his right to recover herein, to wit, *Sanchez* v. *East Contra Costa Irrigation Co.*, 205 Cal. 515 [271 Pac. 1060], and *Faylor* v. *Great Eastern Q. Mining Co.*, 45 Cal. App. 194 [187 Pac. 101]. The distinguishing feature of the Sanchez case, where recovery was allowed, lies in the fact that after the child had fallen into an open irrigation ditch, whose water was muddy and of an average depth of three feet, he slipped into the opening of a tunnel which was concealed from view and wholly unguarded. This constituted a trap. While the child assumed the risk of the open, obvious danger of the canal, he did not assume the risk of a concealed and unguarded danger which brought the case within the doctrine of an attractive nuisance. In the Faylor case the owner was a mining company and maintained small cars 20 inches in width, which ran on tracks. Such mechanical device constituted an attractive nuisance; it lured the children to play within the tunnels, where the cars were easily pushed along the rails. From the inside of the tunnel to the crushing plant there was a slight fall. A stope had been driven through the floor of the tunnel some fourteen years prior

to the drowning of the child. Planks had been laid over the stope. Prior to the accident a cave-in had occurred in the stope near the mouth of the old tunnel. At the time of the accident there were no rails in this tunnel. On entering it the boy ran a little car upon the track into the branch, tunnel to the junction with the main tunnel and left it there. Instead of returning the way he entered he passed into the old tunnel and proceeded toward its mouth. His death was caused by falling through the stope. By reason of the attractive nuisance and the trap in the old tunnel the plaintiff was allowed to recover, nothwithstanding the admonition by his father not to play within the tunnels or on the cars because of their danger.

The foregoing will serve to demonstrate that the doctrine of attractive nuisance has not been expanded by any decision in this state so as to include an unguarded pool of water concerning which it is "the duty of appellants to guard and warn their children, and failing to do so, they should not expect to hold others responsible for their own want of care." (*Peters* v. *Bowman, supra,* p. 356.) It is only in those cases where a dangerous trap on premises otherwise safe is concealed from view or when an *artificial* device attractive to children, is left exposed and upon premises accessible, open and unguarded that the owner is liable for damages resulting by reason of injuries to children who are attracted to the premises by such contrivances.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 6, 1942. Gibson, C. J., Carter, J., and Traynor, J., voted for a hearing.