Filed 8/10/16  Nottbohm v. Thompson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DANA NOTTBOHM et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>SEAN TREVOR THOMPSON et al.,<br><br>Defendants and Respondents. | F071124<br><br>(Stanislaus Super. Ct. No. 679028)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  William A. Mayhew, Judge.

Bracamontes & Vlasak and Michael R. Bracamontes for Plaintiffs and Appellants.

Ropers Majeski Kohn & Bentley, de la Peña & Holiday, Kevin P. Cody, Terry B. Anastassiou, and Gregory R. de la Peña for Defendants and Respondents.

-ooOoo-

**INTRODUCTION**

Plaintiffs sued several defendants alleging they were responsible for poor conditions at the Modesto Inn.  Some of the defendants owned and operated the Modesto Inn, and they are not parties to this appeal.  Respondents in the present appeal own the

land on which the Modesto Inn was situated but claim to have never possessed, owned, or controlled the Inn itself.

The trial court granted summary judgment, and we affirm.

## FACTS

### *Allegations in the Second Amended Complaint*

In a second amended complaint (hereafter, "the complaint"), plaintiffs/appellants Dana Nottbohm, Alyssa Nottbohm, John Victorino, and Geanne Welch brought various claims against several defendants on behalf of themselves and a putative class. Among the defendants named in the suit were respondents in the present appeal: Sean Trevor Thompson, Christina Callahan, John E. Curtis, Melanie Thompson Curtis, Melissa Lindell and Sheldon Thompson[1]. We will refer to respondents collectively as the "Landowner Defendants." The complaint also named Anand Patel dba Modesto Inn, Chiman Patel, and Jai Jalaram Investment, LLC as defendants. We will refer to these defendants – who are not respondents in the present appeal – as the "Patel Defendants."

Each of the named plaintiffs were rent-paying tenants of the Modesto Inn during at least a portion of 2012. On information and belief, plaintiffs alleged that each of the defendants "owne[d] or manage[d]" the Modesto Inn during the events described in the complaint.

On May 10, 2012, a building inspector for the City of Modesto issued a notice of violation in connection with conditions at the Modesto Inn. None of the conditions mentioned in the notice were corrected, and another notice of violation was issued on June 20, 2012. The second notice threatened defendants with fines if the conditions were not repaired or abated. As of the time plaintiffs filed the complaint, the conditions had still not been repaired or abated.

---

[1] We refer to Sheldon Thompson by his first name to avoid confusion with the other defendants that share his last name.

Plaintiffs' complaint listed several "habitability and safety issues" at the Modesto Inn which purportedly violated the Modesto Municipal Code, such as exposed wiring, wood fascia damage, and uneven stairways. The complaint also alleged that the Modesto Inn was infested with cockroaches and other insects, and that there was water damage and mold throughout the common areas and the building. Plaintiffs contended these conditions caused them "personal injury."

Plaintiffs' complaint asserted nine causes of action, labeled: negligence, breach of the implied warranty of habitability, "habitability tort," breach of the covenant of quiet enjoyment, nuisance, unlawful business practices, violation of Civil Code section 1942.4, violation of Civil Code section 1941.3, and breach of contract.

### Subsequent Administrative Proceedings

The Modesto Board of Building Appeals ruled on October 11, 2012, that the Modesto Inn had been in violation of several provisions of the Modesto Municipal Code. The Board of Building Appeals affirmed the assessment of civil penalties and costs against the Landowner and Patel defendants.

### Summary Judgment

The Landowner Defendants moved for summary judgment or, in the alternative, summary adjudication. The motion was made on the grounds that the Landowner Defendants only owned the ground on which the Modesto Inn was situated; they never designed, constructed, created, repaired, maintained, owned, possessed, controlled, operated, or shared in the income of the Modesto Inn; they have no contractual or landlord-tenant relationship with the plaintiffs; and they did not cause or contribute to plaintiffs' injuries. Plaintiffs opposed the motion.

The trial court granted summary judgment and plaintiffs appeal.[2]

_____

[2] Plaintiffs assert the order granting summary judgment was appealable under Code of Civil Procedure section 904.1, subdivision (a)(2). But that provision concerns orders made *after* a judgment. (Code Civ. Proc., § 904.1, subd. (a)(2).) The order

3.

## I.      Standard of Review

Summary judgment " 'shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' (Code Civ. Proc., § 437c, subd. (c).)[3] We independently review an order granting summary judgment, viewing the evidence in the light most favorable to the nonmoving party. [Citations.] In performing our independent review of the evidence, 'we apply the same three-step analysis as the trial court. First, we identify the issues framed by the pleadings. Next, we determine whether the moving party has established facts justifying judgment in its favor. Finally, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable, material fact issue.' [Citation.]" (*Eden Township Healthcare Dist. v. Sutter Health* (2011) 202 Cal.App.4th 208, 218.)

## II.      The Landowner Defendants Carried Their Initial Burden

### A.      Evidentiary Showing

In their moving papers, the Landowner Defendants adduced evidence of the following:

The Landowner Defendants are successors-in-interest to McHenry Village Dental Center, Inc. which, as of July 1960, owned the property located at 807 Needham Street in Modesto. In an agreement dated July 1, 1960, McHenry Village Dental Center, Inc. leased the land to Travelodge Corporation (the "lease"). Defendant Jai Jalaram Investment, LLC, is the successor-in-interest of the Travelodge Corporation.

---

granting summary judgment was not an order made after the judgment, and is not made appealable by Code of Civil Procedure section 904.1, subdivision (a)(2).

However, the summary judgment itself is appealable under Code of Civil Procedure section 437c, subdivision (m)(1).

[3] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

The lease provided that it was the lessee's responsibility to "keep and maintain said premises and the improvements thereon in good condition and repair" and to assume "all duties and obligations with reference to the demised premises and the buildings and all improvements … and also the maintenance and operation thereof."[4]

Each of the Landowner Defendants filed declarations stating that they have never had any legal or business relationship with the Patel Defendants other than what is set forth in the lease. The same declarations also stated that each of the Landowner Defendants have never owned, possessed, operated, controlled or maintained the Modesto Inn. Finally, the declarations stated that the Landowner Defendants had no relationship with plaintiffs, contractual or otherwise.

B. Defendants Satisfied Their Initial Burden in Negating the Element of Duty and the Existence of a Landlord-Tenant Relationship with Plaintiffs

The complaint asserted some causes of action that sound in tort and others that sound in contract. For the reasons explained below, we conclude the Landowner Defendants' evidence – as described above – adequately addressed both types of claims. The Landowner Defendants' evidence that they were nonpossessory landlords satisfied their initial burden of negating plaintiffs' tort claims. The Landowner Defendants' evidence that they had no landlord-tenant relationship with the plaintiffs satisfied their initial burden of negating plaintiffs' contractual and quasi-contractual claims.

*1. Liability of Landlords Out of Possession*

"Simply put, a landlord should not be held liable for injuries from conditions over which he has no control." (*Uccello v. Laudenslayer* (1975) 44 Cal.App.3d 504, 512.) Accordingly, the Supreme Court has placed "major importance on the existence of

---

[4] The reproduction of the lease appearing in the appellate record is of poor quality. Some of the words in the second quotation are difficult to read. For example, the word "obligations" is illegible. However, because plaintiffs were the party opposing summary judgment, we will go by their quotation of these lease terms.

possession and control as a basis for tortious liability for conditions on the land."
(*Preston v. Goldman* (1986) 42 Cal.3d 108, 119.)  Indeed, it has long been the law in California that when a tenant creates a nuisance, "the tenant alone is liable; the landlord is not, unless he is shown to have participated in the wrongful act by authorizing or permitting it to be done."  (*Kalis v. Shattuck* (1886) 69 Cal. 593, 600; see *Chee v. Amanda Goldt Property Management* (2006) 143 Cal.App.4th 1360, 1373.)  Consequently, even "when a landlord has actual knowledge of a dangerous condition, the courts have recognized that his ability to remove the condition might be hampered by his tenants' rights under a lease.  Thus, in addition to showing actual knowledge of a dangerous condition, an injured person must also show that the landlord had the right and ability to cure the condition.  [Citations.]"  (*Leakes v. Shamoun* (1986) 187 Cal.App.3d 772, 776 (*Leakes*); see Cal. Civ. Prac. Torts § 16:14.)

These principles were applied by the Court of Appeal in *Mundt v. Nowlin* (1941) 44 Cal.App.2d 414 (*Mundt*).  Defendant Nowlin owned three lots, which he leased to several codefendants.  The codefendants ran a business on Nowlin's land called "Green Acres."  Green Acres included "a polo field, riding stables, swimming pool and adjuncts to which the general public was invited to come and pay admission."  (*Mundt*, *supra*, 44 Cal.App.2d at p. 415.)  The plaintiffs sued both Nowlin and his lessee codefendants, alleging they had negligently maintained the premises leading to a tortious injury.  (*Ibid*.)

Nowlin filed several demurrers, the last of which was sustained without leave to amend.  (*Mundt*, *supra*, 44 Cal.App.2d at p. 415.)  The plaintiffs argued on appeal that even though Nowlin did not have control over the defective condition on the property, he was nonetheless liable by virtue of his lease agreement with the operators of Green Acres.  (*Ibid*.)  The *Mundt* court disagreed, holding that even if it were assumed "that the lessees who operated the property were chargeable with negligence, such negligence cannot be imputed to the landlord.  [Citation.]"  (*Ibid*.)  "The landlord is not liable for the negligence of his tenants.  [Citation.]  Neither is he liable to others for a nuisance created

6.

upon his premises by his tenants who have acquired the leasehold for lawful and proper purposes, where there was no nuisance or illegal structure upon his land at the time of the letting. [Citation.]" (*Id.* at p. 416.)

Under these principles of law, the Landowner Defendants met their initial burden in negating the element of duty by adducing evidence they never owned, possessed or controlled the Modesto Inn. (See *Los Angeles Memorial Coliseum Com. v. Insomniac, Inc.* (2015) 233 Cal.App.4th 803, 830 [duty is required to establish negligence cause of action]; *Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903, 929–931 [habitability claim sounding in tort turned on whether defendant owed duty]; see also *County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 306 [critical question for nuisance liability is whether defendant created or assisted in the creation of the nuisance].)

### 2. *Landlord-Tenant Relationship*

Through their declarations, the Landowner Defendants produced evidence they had no relationship with plaintiffs – contractual or otherwise. This evidence carried the Landowner Defendants' initial burden to negate plaintiffs' claims made under Civil Code sections 1942.4, 1941.3, breach of contract, implied warranties, and implied covenant theories.[5]

---

[5] See Civil Code section 1942.4, subdivision (b)(1) ["A *landlord* who violates this section is liable to the tenant or lessee…" (italics added)]; Civil Code section 1941.3, subdivision (a) ["the *landlord*, or his or her agent, of a building intended for human habitation shall do all of the following…" (italics added); Civil Code section 1942.4, subdivision (c) ["…the rights and remedies of tenant for a violation of this section by the *landlord*…" (italics added)]; *Andrews v. Mobile Aire Estates* (2005) 125 Cal.App.4th 578, 590, footnote 9 ["implied covenant of quiet enjoyment runs between … tenants and the landlord from whom they are renting the property"]; *Stoiber v. Honeychuck*, *supra*, 101 Cal.App.3d at pp. 928–929 [defendants "may not be held liable under … implied warranty theory" absent landlord status].

As pleaded, plaintiffs' ninth cause of action for breach of contract also required establishment of a landlord-tenant relationship because the contract that was allegedly breached was a lease agreement. Consequently, the Landowner Defendants carried their

Accordingly, the burden shifted to the plaintiffs "to show that a triable issue of one or more material facts exists …." (§ 437c, subd. (p)(2).)

**III.    Plaintiffs Failed to Raise a Triable Issue of Fact**

    A.    Modesto Municipal Code

        *1.    The Landowner Defendants' do not Own the Modesto Inn*

In opposition to the Landowner Defendants' motion, plaintiffs requested the court take judicial notice of sections 4.12-303 and 9-8.402 of the Modesto Municipal Code. They contended that the municipal code imposed a duty of care on the Landowner Defendants.

Municipal Code sections 4-12.303 and 9-8.402 read, in pertinent part, as follows:

> "The owner of the premises shall maintain the structures and exterior property in compliance with these requirements, except as otherwise provided for in this Code…."  (Modesto Mun. Code, § 9-8.402.)
>
> "(a) Every owner of real property within the City and every person responsible for the management of real property within the City is required to manage the property in a manner that does not violate the provisions of this Code. The owner shall remain liable for violations thereof regardless of any contract or agreement with any third party regarding the management or control of property.
>
> "(b) Every responsible party or owner of real property in the City is required to behave on the property, and supervise anyone on the property, in a manner so as not to violate the provisions of this Code."  (Modesto Mun. Code, § 4-12.303.)

The municipal code does provide, as plaintiffs claim, that every "owner of real property" is required to manage the property in a manner that does not violate the code,

---

initial burden by negating the existence of any contractual agreement – lease or otherwise – with plaintiffs.

To the extent plaintiffs' sixth cause of action for unlawful business practices was predicated on the Landowner Defendants' alleged violation of California Civil Code sections 1941.1 through 1941.3 and 1942.4, it, too, required a landlord-tenant relationship.

8.

and the owner remains liable even though a third party may control or maintain the property. (Modesto Mun. Code, § 4-12.303(a).) We understand this provision to mean that the owner of a property cannot escape liability under the Municipal Code merely by hiring a third party (e.g., a property management firm) to control or maintain that property.[6] Applied here, that would mean that if the Landowner Defendants owned the Modesto Inn, they would be responsible for its compliance with the Municipal Code even though the Patel Defendants actually controlled and maintained the Inn. However, as we will explain, the Landowner Defendants did not own or operate the Modesto Inn.

When a lease addresses the ownership of improvements made by a lessee, its terms govern. (*Realty Dock & Improv. Corp. v. Anderson* (1917) 174 Cal. 672, 676–677.) That is, the ownership of an improvement constructed by the lessee is "to be determined from the terms of the lease …." (*Id.* at p. 676.)

Here, the lease provides:

> "(23) Lessee agrees herein that all buildings and improvements erected on the leased premises by the Lessee shall remain thereon and that *at the expiration of this lease, or termination as herein provided*, said buildings and improvements thereto shall *become* the property of the Lessor ...." (Italics added.)

This language reflects that the lessee owns improvements made on the land until the expiration of the lease, at which time the lessor will become the owner.

This ownership situation defeats plaintiffs' theory of liability under the Municipal Code. While Municipal Code sections 4-12.303 and 9-8.402 do impose liability on *owners* even when they contract with third parties, they do *not* impose liability on nonowners. And since the Landowner Defendants do not own the Modesto Inn, those municipal code provisions are inapplicable to them.

---

[6] We do not address the propriety of these sections of the Municipal Code, since we conclude that the Landowner Defendants do not fall within their scope.

## 2. *Plaintiffs Failed to Request Judicial Notice of Other Municipal Code Provisions*

Additionally, the Landowner Defendants observe that plaintiffs only included sections 4-12.303 and 9-8.402 of the Municipal Code in their opposition to summary judgment.

Plaintiffs' failure to request judicial notice of other provisions of the municipal code creates a roadblock in our effort to interpret sections 4-12.303 and 9-8.402. On appeal, a party may not rely on the contents of a city ordinance or code without having proven their contents or seeking judicial notice thereof in the trial court.  (See *Citizens for Responsible Equitable Environmental Development v. City of San Diego* (2010) 184 Cal.App.4th 1032, 1044, fn. 12; see also, *Marysville Woolen Mills v. Smith* (1918) 178 Cal. 786, 791; *Selby Realty Co. v. O'Bannon* (1969) 2 Cal.App.3d 917, 920, fn. 2; *Grant v. Hipsher* (1967) 257 Cal.App.2d 375, 380, fn. 2.)

Here, plaintiffs requested the trial court take judicial notice of Modesto Municipal Code sections 4-12.303 and 9-8.402.  Those provisions all concern the responsibilities of a property owner to comply with *other* provisions of the municipal code.  (See Modesto Mun. Code, §§ 4-12.303, 9-8.402.)  Yet, plaintiffs did not request judicial notice of those other provisions.[7]  This failure cannot be remedied by relying on the allegations in the pleadings.  (See *College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720, fn. 7 [parties cannot rely on allegations of pleadings to make or supplement evidentiary showing required in the summary judgment context].)

It remains possible that other provisions of the Modesto Municipal Code shed light on the meaning of the word "owner" in sections 4-12.303 and 9-8.402.  Yet, plaintiffs have only provided us with a "fragmentary glimpse" of the Municipal Code, which "does

---

[7] We do note that the Modesto City's inspection reports concluded that the Modesto Inn was in violation of several municipal code provisions and attached the text of those provisions.

not furnish substantial assistance in the solution of the problem presented." (*Norwalk v. Auction City, Inc.* (1960) 186 Cal.App.2d 287, 290.)

### B. Theories of Vicarious Liability

Plaintiffs argue that the Landowner Defendants were liable for the acts and omissions of their agents and independent contractors: the Patel Defendants.

#### 1. *Plaintiffs Failed to Raise a Dispute of Fact as to Whether the Patel Defendants Were Independent Contractors of the Landowner Defendants*

First, plaintiffs argue that the Landowner Defendants are liable for the negligent acts and omissions of their alleged independent contractors: the Patel Defendants. A necessary premise to this contention is that the Patel Defendants actually were independent contractors of the Landowner Defendants. However, for the reasons explained below, we conclude plaintiffs failed to raise a dispute of fact as to whether an independent contractor relationship existed.

" '[A]n "independent contractor" is generally defined as a person who is employed by another to perform work; who pursues an "independent employment or occupation" in performing it; and who follows the employer's "desires only as to the results of the work, and not as to the means whereby it is to be accomplished." ' " (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1667 (*Bostrom*).) To determine whether the Patel Defendants were independent contractors – and not merely lessees – we "look to whether the facts are consistent with a typical lessor-lessee relationship, or whether, on the other hand, they show the hallmarks of an employer-independent contractor relationship …." (*Id.* at p. 1668.) Evidence of an independent contractor relationship must show (1) the Landowner Defendants hired the Patel Defendants to perform work, and (2) that the Landowner defendants exercised control or had a right of control over the result of the work "*to an extent inconsistent with a lessor-lessee relationship*." (*Id.* at pp. 1668−1669, italics added.)

There is no such evidence here. The lease agreement does require the Patel Defendants to "keep and maintain said premises and the improvements thereon in good condition and repair…." But even if that provision could be construed as the Landowner Defendants "hiring" the Patel Defendants to maintain the property with a right of control over the result of the work, it would not be "to an extent inconsistent with a lessor-lessee relationship." (*Bostrom*, *supra*, 35 Cal.App.4th at pp. 1668–1669.)

Plaintiffs also cite cases like *Koepnick v. Kashiwa Fudosan America, Inc.* (2009) 173 Cal.App.4th 32 and *Srithong v. Total Investment Co.* (1994) 23 Cal.App.4th 721, in arguing that the Landowner Defendants had a nondelegable duty to maintain and manage the Modesto Inn. The rule applied in those cases is not apt. *Kopenick* and *Srithong* observed that " ' "[t]he duty which a *possessor* of land owes to others to put and maintain it in reasonably safe condition is nondelegable." ' " (*Koepnick*, *supra*, 173 Cal.App.4th at pp. 36–37, quoting *Brown v. George Pepperdine Foundation* (1943) 23 Cal.2d 256, 259–260, italics added; *Srithong*, *supra*, 23 Cal.App.4th at p. 726, italics added.) These cases clearly speak to the duties of someone in *possession* of the land on which a dangerous condition exists. The situation here is different, as it involves landlords who do not possess the Modesto Inn. This distinction is important because a nonpossessory landlord's "ability to remove [a dangerous] condition might be hampered by his tenants' rights under a lease." (*Leakes*, *supra*, 187 Cal.App.3d at p. 776.) That is why such landlords are not liable for dangerous conditions unless the plaintiff can "show that the landlord had the right and ability to cure the condition. [Citations.]" (*Ibid.*; see Cal. Civ. Prac. Torts § 16:14.)

### 2. *Plaintiffs Failed to Raise a Dispute of Fact as to Whether the Patel Defendants were Agents of the Landowner Defendants*

Plaintiffs argue that "the lease establishes an agency relationship in and of itself…." We disagree. While a tenant can in some cases become its landlord's agent, something more than a typical lessor-lessee relationship must be shown. (Cf. *Bostrom*,

12.

*supra*, 35 Cal.App.4th at pp. 1668–1669; see also Friedman et al., Cal. Prac. Guide: Landlord-Tenant (The Rutter Group 2015) ¶ 6:79:8. ["[a] tenancy does not itself make tenants their landlords' … agents"].)

Plaintiffs argue that there *was* evidence that demonstrated an agency relationship rather than merely a lessor-lessee relationship. Specifically, plaintiffs cite to evidence of the following:

- "In one instance" Sheldon visited the property to ensure that repairs were being conducted. Sheldon knew repairs needed to be performed, and he "went to see if they were doing it." Sheldon did not remember if anyone invited him to the property before he came.

- Sheldon testified at a hearing before the Board of Building Appeals.

- Sheldon met with a city councilmember, the Police Chief and the Chief Building Official concerning the property. At the meeting, Modesto City personnel made it clear to Mr. Patel and Sheldon that the building conditions and behavioral issues must improve as soon as possible.

- The Landowner Defendants brought an unlawful detainer action against the Patel Defendants for failing to manage the property in accordance with the lease agreement.

"Control is the key characteristic of the agent/principal relationship" (*Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 541), and none these facts cited by plaintiffs give rise to an inference that the Landowner Defendants had the requisite control over the Patel Defendants. Indeed, the fact that Sheldon testified at an administrative hearing and met with city officials does not even directly pertain to his relationship with the Patel Defendants at all. The facts that the Landowner Defendants later sued the Patel Defendants and that Sheldon inspected the property do not suggest the Landowner Defendants "controlled" the Patel Defendants.[8]

---

[8] Nor does the fact that the lease permits the Landowner Defendants to view and inspect the property establish control over the allegedly dangerous conditions, their causes or their remedies. In order to impose liability, a plaintiff must show not only that

13.

## IV.    Third Party Beneficiaries

Finally, plaintiffs claim that they are third party beneficiaries to the lease agreement between the Landowner Defendants and Patel Defendants.  However, plaintiffs did not plead this theory in the complaint.

In summary judgment proceedings, the complaint "delimit[s] the scope of the issues …."  (*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381.)  "A defendant moving for summary judgment need address only the issues raised by the complaint; the plaintiff cannot bring up new, unpleaded issues in his or her opposing papers.  [Citation.]"  (*Government Employees Ins. Co. v. Superior Court* (2000) 79 Cal.App.4th 95, 98, fn. 4.)

"Third party beneficiary status is a matter of contract interpretation.  [Ctiation.]  For that reason, the contract must be set out in the pleadings …."  (*California Emergency Physicians Medical Group v. PacifiCare of California* (2003) 111 Cal.App.4th 1127, 1138.)  Specifically, "a plaintiff must plead a contract which was made expressly for his benefit and one in which it clearly appears that he was a beneficiary …."  (*Luis v. Orcutt Town Water Co.* (1962) 204 Cal.App.2d 433, 441.)

Here, plaintiffs' breach of contract cause of action was based on an alleged verbal lease agreement between plaintiffs and defendants – not on the written lease between the Landowner and Patel defendants.  Because plaintiffs did not allege facts supporting a third party beneficiary claim, they "cannot successfully resist summary judgment" (*Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1125) on that theory.

Moreover, even if plaintiffs had properly pled the third party beneficiary theory they asserted in opposition to summary judgment, it would not succeed here.  Third party

---

the landlord had the right to inspect the property, but also "the right and ability to cure the condition.  [Citation.]"  (*Leakes*, *supra*, 187 Cal.App.3d at p. 776.)

14.

beneficiary status depends on "the contracting parties actually [having] promised the performance which the third party beneficiary seeks." (*Loduca v. Polyzos* (2007) 153 Cal.App.4th 334, 341.) The promise on which plaintiffs rely is the provision in the lease requiring the Patel Defendants to "keep and maintain said premises and the improvements thereon in good condition and repair" and to assume "all duties and obligations with reference to the demised premises and the buildings and all improvements … and also the maintenance and operation thereof." But the Landowner Defendants are not the *promisors* of those promises, they are the *promisees*. In other words, if anyone breached these lease provisions, it is the Patel Defendants, not the Landowner Defendants. "The point of the third-party beneficiary doctrine is to allow a third party to enforce, *against a promisor*, rights running to the third party …." (*Souza v. Westlands Water Dist.* (2006) 135 Cal.App.4th 879, 893, italics added.)

## DISPOSITION

The judgment is affirmed. Respondents shall recover costs.

_____
POOCHIGIAN, J.

WE CONCUR:

_____
LEVY, Acting P.J.

_____
PEÑA, J.